RENDERED:  JUNE 20, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1016-MR

JASON FULLER                                                          APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE LAUREN ADAMS OGDEN, JUDGE
ACTION NO. 09-CI-501328


TRISTA FULLER                                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND LAMBERT, JUDGES.

JONES, L., JUDGE:  Jason Fuller brings this appeal from an August 2, 2023 order of the Jefferson Circuit Court, Family Court Division, **restricting** visitation with his two minor children, B.F. and A.F.  We affirm.

Jason Fuller (Father) and Trista Fuller (Mother) were previously before this Court and the relevant underlying facts were set forth as follows:

This case involves a modification of parenting time in a domestic matter.  Appellant, Jason Fuller, and Appellee, Trista Wade (Fuller) (hereinafter Father and

Mother, respectively), were married in 2007. They had two sons: A.F., born in 2007, and B.F., born in 2008. A decree of dissolution of marriage was entered on July 20, 2010. Pursuant to a settlement agreement incorporated into the divorce decree, B.F. resided with Father and A.F. resided with Mother during the week. The children spent weekends together with one or the other parent. The case before us involves the younger child, B.F.

On March 16, 2021, Mother filed a motion in Jefferson Circuit Court, Family Division Eight, to appoint a Guardian *Ad Litem* (GAL) for B.F. and to modify the parenting schedule to allow B.F. to reside primarily with her. Mother believed that B.F. might run away from home if he were forced to abide by the current parenting schedule and that it was in B.F.'s best interest that it be modified. In her supporting affidavit, Mother averred: that she was concerned for B.F.'s well-being when he was with Father; that she believed that Father had coerced B.F. into saying things he did not feel or believe; and that she believed that B.F. wanted to reside primarily in Mother's home with his siblings. Mother also stated that she knows that B.F. is lonely and unhappy in Father's home.

On June 22, 2021, Mother filed a motion for a shared 50-50 parenting schedule pending further order of the court and renewed her previous motion to appoint a Friend of the Court for B.F. prior to the hearing scheduled for July 23, 2021.

Father did not file a response to either motion.

On July 2, 2021, the court entered orders directing the parties to attend mediation and appointing Hon. James Murphy as Friend of the Court.

On July 20, 2021, Mother filed a motion for emergency sole custody of B.F. with only supervised contact to be permitted with Father. The accompanying

-2-

affidavit reflects that Mother is concerned for B.F.'s well-being; that Mother believes Father bullies, intimidates, and threatens the child; and that unless she is exercising her parenting time, Father does not allow Mother any contact with B.F. Mother further stated that she does not believe that Father keeps adequate food in the house or that B.F. is adequately supervised. Mother believes that Father withholds food as punishment and that B.F. is in danger if he remains in Father's home. Mother averred that because Father was aware that she was seeking increased parenting time, he failed to present himself to the court or to respond to any motions or orders. Mother sought "temporary sole custody of B.F. until such time as [Father] presents himself . . . or otherwise participates in these proceedings."

By an order entered on July 26, 2021, the Jefferson Circuit Court, Family Division Eight, granted Mother sole temporary custody of B.F. and directed that Father's contact be supervised. The matter was set for further proceedings on September 29, 2021.

On July 29, 2021, Father, *pro se*, filed a motion in Jefferson Circuit Court, Family Division Eight, seeking "to reverse court order immediately on [B.F.] due to not receiving any court papers." Father alleged that B.F. had been placed in a dangerous situation and requested that he be "removed as fast as possible."

A court notice filed on August 2, 2021, reflects that the case belongs to Division Four. On August 2, 2021, Father's counsel filed an entry of appearance.

Ultimately, a hearing was conducted in Jefferson Circuit Court, Family Division Four (the [family] court), on March 8, 2022. The [family] court's Order entered on March 10, 2022, provides in relevant part as follows:

> This case came before the Court on March 8, 2022, for a hearing on [Mother's] motion

-3-

> to modify parenting time and on [Father's] motion to restore his parenting time. [Father] appeared with counsel . . . . [Mother] appeared with counsel . . . . The Hon. James K. Murphy was present as Friend of Court.
>
> The [family] court made detailed findings regarding the testimony presented at the hearing – including that of the child's therapist – and explained that:
>
> . . . .
>
> **In this case, the Court finds that it would be in B.F.'s best interest to continue to reside with [Mother]. The Court further finds that unrestricted visitation with [Father] would seriously endanger the child's mental and emotional health**.
>
> Accordingly, [Father] shall have therapeutic visitation with B.F. through a provider recommended by Mr. Murphy. [Father] shall pay the cost of those sessions in full.

*Fuller v. Fuller*, No. 2022-CA-0577-MR, 2023 WL 6322567, *1-2 (Ky. App. Sep. 29, 2023) (footnotes omitted).

While Appeal No. 2022-CA-0577-MR was pending, litigation between the parties continued in the family court. On August 15, 2022, Father filed a motion to compel Mother to participate in therapeutic counseling with B.F. and the family court ordered same. Thereafter, Father moved the family court to

include both children, B.F. and A.F., in the therapeutic visitation. Following a hearing, the family court ordered, *inter alia*, that both children would attend counseling.

On April 10, 2023, the case was before the court on a status review. The family court ordered Father to participate in individual therapy and then set the case for a hearing. On July 31, 2023, a hearing was conducted and both children testified. Both B.F. and A.F. testified that Father had been abusive. The Friend of the Court recommended that B.F. and A.F. not have a relationship with Father at this time. By order entered August 2, 2023, the family court found:

> The Court interviewed both children *in camera.* Both presented as intelligent, thoughtful, sincere, and credible. B.F. advised the Court that he was unwilling to have any contact with [Father]. He said that life in [Father's] home was "miserable and very abusive." He said that [Father] would yell at him and refuse to allow him to see his mother. Both children reported that [Father] pinched them hard enough to leave bruising, bleeding, and permanent scarring, and that he hit them with sticks he made him bring in from the yard. B.F. testified that [Father] also hit him on his backside with a boot. A.F. reported that [Father] made him eat dinner off a plate he had vomited on. A.F. has not seen [Father] since he was 7 or 8 years old, and he does not wish to see him now.
>
> [Father] also has a history of neglecting the children's basic needs. As reflected in the Court's March 10, 2023, Order: "B.F. was in poor physical health when he came to live with [Mother] in July 2021. He had not had a routine medical checkup since 2019. Though his vision impairments were causing migraine headaches, he

-5-

had not been to the eye doctor since 2018. He had more than 20 cavities. His mental health issues were not being addressed."

The family court ultimately concluded that contact with Father would "seriously endanger" both children. Therefore, the family court ordered that B.F. and A.F. would reside exclusively with Mother and that Father would not have contact with the children unless B.F. or A.F. initiated contact. This appeal follows.

Father asserts the family court erred in its application of Kentucky Revised States (KRS) 403.320 when modifying Father's visitation. More particularly, Father asserts the family court erroneously applied the standard set forth in Subsection (1) of KRS 403.320 rather than Subsection (3) of KRS 403.320.

KRS 403.320 provides, in relevant part:

(1) A parent not granted custody of the child and not awarded shared parenting time under the presumption specified in KRS 403.270(2), 403.280(2), or 403.340(5) is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral, or emotional health. Upon request of either party, the court shall issue orders which are specific as to the frequency, timing, duration, conditions, and method of scheduling visitation and which reflect the development age of the child.

. . . .

(3) The court may modify an order granting or denying visitation rights whenever modification would serve the

-6-

best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health.

While the family court cited to Subsection (1) of KRS 403.320, rather than Subsection (3), the family court clearly applied the proper legal standard as set forth in Subsection (3) (*i.e.*, whether visitation would endanger seriously the child's physical, mental, moral, or emotional health). In fact, the family court specifically held:

> Pursuant to KRS 403.320(1), a parent not granted custody and shared parenting time is entitled to reasonable visitation rights unless the court finds that visitation would **seriously endanger** the children's physical, mental, moral, or emotional health.
>
> Based on the foregoing, the Court finds that any contact with [Father] would seriously endanger the children's physical, mental, and emotional health. The Court recognizes the severity of this restriction; however, [Father] was awarded therapeutic contact with [therapist], and he could not behave in a safe or appropriate manner even with a mental health professional present.
>
> Accordingly, the children shall continue to live exclusively with [Mother]. [Father] shall not initiate any contact with them, but the children may contact him if they are comfortable doing so.

August 2, 2023 order at 3 (emphasis added). As the family court applied the proper legal standard as contained in Subsection (3) of KRS 403.320 (*i.e.*,

"endanger seriously") in its analysis and decision, we conclude that any error in the order regarding citation to a particular subsection of KRS 403.320 was harmless.

Father next contends the family court erred by failing to "articulate how the children would be seriously endangered" by having visitation with him. We disagree. Review of a decision of a court without a jury is pursuant to Kentucky Rules of Civil Procedure (CR) 52.01 which provides that "[f]indings of fact, shall not be set aside unless clearly erroneous[.]" And, findings of fact are not clearly erroneous if supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

A review of the August 2, 2023 order makes clear that the family court found credible the testimony of B.F. and A.F. describing Father's treatment of them which seriously endangered their physical, mental, and emotional health. And, we conclude these findings were supported by substantial evidence. The family court considered testimony of B.F. and A.F., as well as that of the children's therapist and Mother. The family court also referenced its previous findings from the March 10, 2023 order, wherein the family court specifically found that B.F. was in poor physical health when he came to live with Mother in July of 2021; B.F. had not had a routine medical checkup since 2019; B.F. had not been to an eye doctor since 2018, despite vision impairments causing migraine headaches; B.F. had not been to a dentist and had more than twenty untreated cavities; and

B.F. had not received any treatment for his mental health issues.  Therefore, we cannot conclude that the family court's findings of fact are clearly erroneous.

We view any remaining contentions of error to be moot or without merit.

For the foregoing reasons, we affirm the decision of the Jefferson Circuit Court, Family Court Division, which restricted Father's visitation.

ALL CONCUR.

BRIEF FOR APPELLANT:

John H. Helmers, Jr.
Melina Hettiaratchi
Louisville, Kentucky

BRIEF FOR APPELLEE:

Dennis C. Burke
Louisville, Kentucky